UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEEM ADAMS, P35154,<br>　　　　Plaintiff,<br>　　v.<br>J. AZEVEDO, Correctional Officer,<br>　　　　Defendant. | Case No. 17-cv-02043-CRB (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF FAILURE TO PROPERLY EXHAUST**<br><br>(ECF No. 17) |

Plaintiff, a state prisoner currently incarcerated at the Deuel Vocational Institution (DVI) in Tracy, California, filed a pro se complaint under 42 U.S.C. § 1983 alleging that on November 14, 2015, while he was incarcerated at San Quentin State Prison (SQSP), Correctional Officer J. Azevedo falsely charged plaintiff with battery on staff in retaliation for plaintiff threatening to file a staff complaint against Azevedo for sexual harassment. On August 4, 2017, the court found that plaintiff's allegations state a cognizable claim under § 1983 for retaliation against Azevedo, when liberally construed, and ordered the United States Marshal to serve Azevedo.

Defendant Azevedo now moves for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA), and that plaintiff's § 1983 claim is barred under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff did not file a response to defendant's motion despite being advised to do so.

## DISCUSSION

A.　Standard of Review

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S.

81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

B.  Analysis

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Ngo, 548 U.S. at 93. A prisoner not only must pursue every available step of the prison appeal process but also must adhere to "deadlines and other critical procedural rules" of that process. Id. at 90. "[I]t is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

A prisoner must "exhaust his administrative remedies prior to sending his complaint to the district court." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (emphasis added). He cannot comply with the PLRA's exhaustion requirement "by exhausting available administrative remedies during the course of the litigation." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2010) (citation omitted).

The California Department of Corrections and Rehabilitation (CDCR) provides any inmate or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §

2

3084.1(a). CDCR's appeal process consists of three levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts CDCR's appeal process by obtaining a decision from the third level of appeal/review. Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

Defendant properly raises failure to exhaust in a Rule 56 motion for summary judgment and argues that plaintiff failed to properly exhaust available administrative remedies as to his § retaliation claim against him before filing suit. Defendant specifically argues that plaintiff did not properly exhaust his § 1983 retaliation claim before filing suit because he did not obtain a third-level decision on his claim that defendant falsely charged plaintiff with battery on staff in retaliation for plaintiff threatening to file a staff complaint against defendant for sexual harassment. The court agrees.

Defendant has submitted evidence showing that plaintiff obtained a decision from the third level of appeal/review only on two non-medical inmate appeals during the relevant time period – SQ 16-00174 and SQ 15-03181. But neither appeal concerned defendant's alleged retaliatory action against plaintiff so as to alert the prison to the nature of the wrong for which redress is sought. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). SQ 16-00174 concerned an alleged violation of due process at plaintiff's hearing on the charge of battery on staff. Plaintiff complained that the senior hearing officer was not impartial, did not ask plaintiff's prepared questions and improperly found that plaintiff had committed battery on staff. SQ 15-03181 concerned an allegation of sexual harassment. Plaintiff complained that defendant made improper statements to him, including "spit, don't swallow," while plaintiff was brushing his teeth, and "that sounds like you have a loose booty," in response to plaintiff's flatulence. Voon Decl. (ECF No. 17-5) ¶¶ 5, 8 Exs. A, C. Plaintiff did not complain in either appeal that defendant had falsely charged plaintiff with battery on staff in retaliation for plaintiff threatening to file a staff complaint against defendant for sexual harassment. Because neither of the two exhausted appeals involved the same subject and request for relief as in plaintiff's § 1983 retaliation claim, administrative remedies as to plaintiff's § 1983 retaliation claim were not properly exhausted. Accord Morton v.

3

Hall, 599 F.3d 942, 946 (9th Cir. 2010) (appeal that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison on notice that staff conduct contributed to the assault); O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1062-63 (9th Cir. 2007) (appeal requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The evidence submitted by defendant meets his burden of proving that there was an available administrative remedy that plaintiff failed to properly exhaust in connection with his § 1983 retaliation claim before filing this action. See Albino, 747 F.3d at 1172. The burden now shifts to plaintiff to present evidence that there is something in this particular case that made existing and generally available administrative remedies effectively unavailable to him. See id. Plaintiff did not do so. Accordingly, defendant is entitled to summary judgment under Rule 56. See id. at 1166.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (ECF No. 17) is GRANTED on the ground that plaintiff failed to properly exhaust available administrative remedies before filing suit and, pursuant to the law of the circuit, the action is DISMISSED without prejudice.[1]

**IT IS SO ORDERED**.

Dated: April 23, 2018

_____
CHARLES R. BREYER
United States District Judge

---

[1] The court need not address at this time whether plaintiff's § 1983 action also is barred under the rationale of Heck v. Humphrey.

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEEM ADAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. AZEVEDO,<br><br>        Defendant. | Case No. 3:17-cv-02043-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kaseem Adams ID: P35154
DVI
P. O. Box 600
Tracy, CA 95378-0600

Dated: April 23, 2018

                      Susan Y. Soong
                      Clerk, United States District Court

                      By: /s/ L. Scott
                      Lashanda Scott, Deputy Clerk to the
                      Honorable CHARLES R. BREYER